UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT M. COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 05 C 3553 |
| v. ) | |
| ) | Judge George M. Marovich |
| WACHOVIA SECURITIES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert M. Cotton ("Cotton") filed a complaint against Wachovia Securities ("Wachovia") alleging that Wachovia discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964. Wachovia moves to dismiss the complaint on the grounds that the complaint was untimely filed and that Cotton failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged discrimination. For the reasons set forth below, the Court denies defendant's motion.

**I.      Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in the complaint and also considers the documents attached to the complaint.

Wachovia employed Cotton for nearly ten years until January 8, 2004, when it terminated his employment due to his race. On November 11, 2004, Cotton signed a charge of discrimination with the EEOC. He asserts that he had previously filed a charge on October 26, 2004 when he sent the EEOC by facsimile a letter outlining his complaint and naming the parties.

The EEOC issued a right-to-sue notice on March 18, 2005, which notice Cotton received on March 26, 2005.

On June 17, 2005, the clerk's office received a copy of Cotton's complaint for employment discrimination. In lieu of the filing fee, Cotton filed a petition to proceed *in forma pauperis*. The Court denied the petition on July 1, 2005 and mailed to Cotton notice of the denial on July 5, 2005. On July 15, 2005, Cotton paid the filing fee.

Wachovia moves to dismiss Cotton's claim as time-barred for two reasons. First, Wachovia argues that Cotton failed to file his complaint in federal court within 90 days after he received the notice of right to sue from the EEOC. Second, Wachovia argues that Cotton's claim is time-barred because he failed to file a charge of discrimination within 300 days after Wachovia terminated his employment.

**II.     Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). On a motion to dismiss, the "issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 724 (7th Cir. 2004) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). As the Seventh Circuit recently admonished:

> Plaintiffs need not plead facts; they need not plead law; they plead claims for relief. Usually they need do no more than narrate a grievance simply and directly, so that the defendant knows what he has been accused of. . . .    Any district judge

> (for that matter, any defendant) tempted to write "this complaint is deficient because it does not contain . . ." should stop and think: What rule of law *requires* a complaint to contain that allegation.

*Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005).

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c). The Court may also consider facts a plaintiff describes in briefs when considering whether the plaintiff's claim should be dismissed. As the Seventh Circuit has explained:

> A complaint may not be dismissed unless it is impossible to prevail 'under any set of facts that could be provided consistent with the allegations.' That is why we have held that a plaintiff may supplement the complaint with factual narration in an affidavit or brief. If the extra assertions make out a claim, then the complaint stands.

*Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) (internal citations omitted).

### III. Discussion

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984)).

### A. The 90-day requirement

Among other procedural requirements, a plaintiff wishing to pursue his Title VII claim in federal court must file his complaint within 90 days after receiving a notice of right to sue from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). Defendant argues that plaintiff failed to file his federal complaint within 90 days after he received a notice of right to sue.

In this case, the plaintiff filed a petition to proceed *in forma pauperis*, which affects the limitations period and the date on which the complaint is deemed filed. The statute of limitations was tolled during the time the Court was considering the petition and began running again upon plaintiff's receipt of the notice of denial of the petition to proceed *in forma pauperis*. *Humphries v. CBOCS West, Inc.*, 343 F. Supp.2d 670, 673 (N.D. Ill. 2004). When a court denies a petition to proceed *in forma pauperis*, the complaint is deemed filed on the date the plaintiff pays the filing fee. *Humphries*, 343 F. Supp.2d at 672-673.

Plaintiff alleges that he received the notice of right to sue on March 26, 2005. The clerk's office received plaintiff's complaint and petition to proceed *in forma pauperis* on June 17, 2005, the 83rd day after plaintiff allegedly received the notice of right to sue. The Court denied the petition on Friday July 1, 2005, and the Court mailed the notice to plaintiff on July 5, 2005. Plaintiff asserts that he received the notice on July 8 or 9, 2005. Plaintiff paid the filing fee on (and, hence, his complaint was deemed filed as of) July 15, 2005. Accepting as true plaintiff's assertion that he received the notice on July 8 or 9, the Court calculates that July 15, 2005 (the date on which plaintiff paid the filing fee and, hence, the date on which the complaint is deemed filed), was the 89th or 90th day.

For these reasons, the Court cannot conclude that plaintiff can prove no set of facts consistent with his complaint that would entitle him to relief. (Of course, if the defendant obtains evidence during discovery establishing that plaintiff's complaint was not timely filed, it is free to make that argument in subsequent stages of the litigation.)

**B.     The 300-day requirement**

In addition to the 90-day requirement, Title VII also requires that plaintiff file a charge of discrimination with the EEOC or the Illinois Department of Human Rights within 300 days after the alleged discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1). Defendant argues that plaintiff's claim is time-barred because he failed to file his charge of discrimination with the EEOC within 300 days after his January 8, 2005 discharge. Plaintiff signed his charge of discrimination with the EEOC on or about November 11, 2005. If his charge were not deemed filed until November 11, 2005, his claim would be barred by the statute of limitations. Plaintiff, however, argues that he actually filed his charge earlier–on October 26, 2004–when he sent the EEOC a letter outlining the alleged discrimination and naming the parties.

The issue, then, is whether the earlier letter can constitute a charge of discrimination for purposes of Title VII. Were the Court writing the definition of "charge," it might define it as only the actual charge form used by the EEOC in order to provide clarity and avoid wasteful litigation over the meaning of charge. Defining charge, however, is not the Court's role. Congress did not define charge in Title VII, so the EEOC issued a regulation outlining the requirements of a charge. *See* 29 CFR § 1601.12. The regulation also provides:

> (b) Notwithstanding the provisions of paragraph (a) of this section, *a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe*

> *generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional facts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.*

29 CFR § 1601.12(b) (emphasis added). The Supreme Court has sustained § 1601.12(b). *Edelman v. Lynchberg College*, 535 U.S. 106 (2002).

In his response briefs, plaintiff asserts facts, which, if proven, might establish that plaintiff's charge was timely filed. Plaintiff argues that he filed a charge when he sent by facsimile a letter to the EEOC outlining his discrimination complaint and the names of the parties. He asserts that he later signed a formal charge form.[1] Were the November 11, 2004 document considered an amendment to the October 26, 2004 document, then, pursuant to the EEOC's regulation (which the Supreme Court has sustained), the charge would have been timely filed. Thus, the Court cannot say that it is impossible for plaintiff to prove any set of facts consistent with his complaint that would make out a claim, and the Court cannot dismiss the claim at this time. (Of course, the plaintiff may not be able to survive summary judgment on this issue, but that is a matter for a different day.)

---

[1]The Court considers these facts pursuant to *Albiero v. City Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997) because they are consistent with the allegations in the complaint. Plaintiff would have pleaded himself out of court had he pleaded that he filed his charge on November 11, 2004. Instead, he alleged that he filed his charge on *or about* November 11, 2004.

**IV.	Conclusion**

For the reasons set forth above, the Court denies defendant's motion to dismiss.

ENTER:

*George M. Marovich*
_____
George M. Marovich
United States District Judge

DATED:01/12/06